IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Christopher James,           )
                             )
       Plaintiff,            )   C.A. No. 8:20-00005-HMH-JDA
                             )
   vs.                       )   **OPINION & ORDER**
                             )
U.S. Marshals, Unknown Defendants,[1]  )
                             )
       Defendants.           )

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[2] Christopher James ("James"), a prisoner proceeding pro se, filed this action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). James alleges that certain U.S. Marshals ("Defendants") violated his Eighth and Fourteenth Amendment rights. In her Report and Recommendation filed on January 28, 2020, Magistrate Judge Austin recommends summarily dismissing the action because James failed to state a claim for relief. (R&R, generally, ECF No. 19.)

---

[1] James named two individuals as Defendants "Dan" and "Lee" and described them as drivers. (Compl. 2-3, ECF No. 1.) However, James has failed to identify these individuals' last names.

[2] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

James claims that while being transported by Defendants from California on November 28, 2019, the transport van in which he was riding was involved in a wreck in North Carolina. (Am. Compl. 5-6, ECF No. 10.)³ James contends that the transport van did not have any seat belts. (Compl. 6, ECF No. 1.) Moreover, James submits that Defendants failed to stop at crossroads, failed to follow protocol by driving for four days without resting, and fell asleep behind the wheel. (Am. Compl. 3, 5, ECF No. 10.) As a result of this wreck, James claims that his neck, back, and legs were injured and that his injuries are permanent. (Id. at 5, ECF No. 10; Compl. 6, 8, ECF No. 1.) James alleges that this conduct violated his Eighth and Fourteenth Amendment rights. (Id. at 6, ECF No. 10.)

James filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of James' objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate

---

³ After James filed a complaint, the magistrate judge notified James that the action would be subject to summary dismissal due to the complaint's failure to state a claim unless James filed an amended complaint to cure the deficiencies within twenty-one days. (Jan. 9, 2020 Order, ECF No. 7.) James filed an amended complaint on January 22, 2020. (Am. Compl., ECF No. 10.) The magistrate judge recommended that the complaint and the amended complaint be considered together. (R&R 2 &n.2, ECF No. 19.)

his claims. However, the court was able to glean one specific objection. James objects to the magistrate judge's conclusion that Defendants' actions do not constitute deliberate indifference. (Objs. 1-3, ECF No. 21.)

The Eighth Amendment prescribes certain duties on prison officials, one of which is to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citation omitted). However, not every injury results in constitutional liability for prison officials. See Makdessi v. Fields, 789 F.3d 126, 133 (4th Cir. 2015). To establish Eighth Amendment liability in this context, plaintiffs must allege facts showing deliberate indifference. See, e.g., Danser v. Stansberry, 772 F.3d 340, 347 (4th Cir. 2014). "The deliberate indifference standard is a two-pronged test: (1) the prisoner must be exposed to a substantial risk of serious harm, and (2) the prison official must know of and disregard that substantial risk to the inmate's health or safety." Thompson v. Commonwealth of Virginia, 878 F.3d 89, 97-98 (4th Cir. 2017) (internal quotation marks and citation omitted). Moreover, "[d]eliberate indifference requires more than mere negligence, but less than acts or omissions [done] for the very purpose of causing harm or with knowledge that harm will result." Cox v. Quinn, 828 F.3d 227, 236 (4th Cir. 2016) (internal quotation marks and citations omitted).

James argues that the deliberate indifference standard is met because (1) the transport van did not have seatbelts and (2) Defendants did not stop at crossroads, violated protocol, and fell asleep while driving. (Objs. 2, ECF No. 21.) The failure to provide a seatbelt and negligent driving does not rise to the level of a constitutional violation. See, e.g., Vinson v. U.S. Marshals Service, C/A No. 0:10-79-RMG, 2011 WL 3903199, at *5 (D.S.C. Sept. 2, 2011) (unpublished) (finding that failing to restrain an inmate with a seatbelt and negligently driving did not violate

3

the Eighth Amendment); Dexter v. Ford Motor Co., Nos. 02-4122, 02-4137, 2004 WL 254753, at *4 (10th Cir. Feb. 12, 2004) (unpublished) ("We have identified no federal case holding that failure to seatbelt an inmate, standing alone, violates the Eighth Amendment."); Jones v. Collins, Civil No. 05-663-JPG, 2006 WL 1528882, at *2 (S.D. Ill. June 1, 2006) (unpublished) ("[R]eckless driving or the failure to fasten [a] seatbelt ... present, at best, claims of negligence"); Harrell v. Harris, No. CV413-96, 2015 WL 2255096, at *2 (S.D. Ga. May 12, 2015) (unpublished) (finding that allegations that defendants fell asleep while driving and caused an accident while transporting a prisoner were for "a classic common-law tort claim . . . [that fell] short of the deliberate-indifference standard"). Based on the foregoing, James' allegations fail to satisfy the deliberate indifference standard.

Therefore, after a thorough review of the Report and Recommendation and the record in this case, the court adopts the magistrate judge's Report and Recommendation.

It is therefore

**ORDERED** that the action is summarily dismissed without leave to amend and without issuance and service of process.

**IT IS SO ORDERED.**

                        s/Henry M. Herlong, Jr.
                        Senior United States District Judge

Greenville, South Carolina
February 13, 2020

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.